1

2

3

4              UNITED STATES DISTRICT COURT

5            NORTHERN DISTRICT OF CALIFORNIA

6

7    DAWN J. BENNETT, 92603-051,          Case No.  24-cv-06161-CRB  (PR)

8                Plaintiff,

9         v.                             **ORDER OF DISMISSAL**

10   BUREAU OF PRISONS, et al.,           (ECF Nos. 6 & 10)

11               Defendant(s).

12          Plaintiff, a prisoner at the Federal Correctional Institution in Danbury, Connecticut (FCI

13   Danbury) serving a 20-year sentence from the United States District Court for the District of

14   Maryland, has filed a <u>pro se</u> complaint against the Federal Bureau of Prisons (BOP), FCI Danbury

15   and various officials at both claiming improper denial of early release under the First Step Act

16   (FSA), unlawful retaliation and denial of adequate medical care.  Plaintiff also seeks leave to

17   proceed <u>in forma pauperis</u> (IFP) under 28 U.S.C. § 1915 (ECF No. 6), which based solely on her

18   affidavit of poverty is GRANTED.

19          A civil action in which a defendant is an officer or employee of the United States or any

20   agency thereof acting in his official capacity or under color of legal authority, or an agency of the

21   United States, or the United States, may, except as otherwise provided by law, be brought in any

22   judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events

23   or omissions giving rise to the claim occurred, or a substantial part of property that is the subject

24   of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.  28

25   U.S.C. § 1391(e)(1).  The proper venue for plaintiff's action accordingly may be in the District of

26   Connecticut or in the District of Columbia but not in the Northern District of California.

27          If a case is filed in the wrong venue, the district court has discretion to dismiss the case or

28   transfer it to the proper judicial district "in the interest of justice." 28 U.S.C. § 1406(a).  Under the

United States District Court
Northern District of California

circumstances, this action will be DISMISSED without prejudice to plaintiff filing it in a proper judicial district under 28 U.S.C. § 1391(e)(1).  See In re Hall, 939 F.2d 802, 804 (9th Cir. 1991) (determination of improper venue does not go to merits of case and therefore dismissal for improper venue must be without prejudice).

The clerk is instructed to close the case and terminate all pending motions therein (see ECF Nos. 6 & 10) as moot.

**IT IS SO ORDERED**.

Dated: October 22, 2024

_____
CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

2